SO ORDERED: January 20, 2012.



James K. Coachys
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| IN RE: | ) | |
|---|---|---|
| | ) | |
| ANTHONY PETER PAGE, | ) | Case No. 10-10728-JKC-7A |
| | ) | |
| Debtor. | ) | |

**AMENDED ORDER ON TRUSTEE'S MOTION FOR TURNOVER
AND GRANTING MOTION TO CORRECT ERRORS IN COURT'S ORDER
ON TRUSTEE'S MOTION FOR TURNOVER**

This matter comes before the Court on the Chapter 7 Trustee's Motion for Turnover and the Objection filed thereto by Jennifer Page, Debtor's non-filing spouse ("Jennifer"). In the Motion, the Trustee seeks turnover of Debtor's 2010 federal and state income tax refunds in their entirety (the "Refunds"). In her Objection, Jennifer argues that the Trustee is only entitled to half of the Refunds. For the reasons stated below, the Court's agrees with Jennifer.

The parties' filed a Joint Stipulation of Facts that indicates the following:

1. Debtor filed a voluntary Chapter 7 petition on July 19, 2010.

2. As of the petition date, Debtor was and is married to Jennifer.

3. Throughout the course of their marriage, Debtor and Jennifer have always filed joint income tax returns.

4. During their marriage, Debtor has been the primary breadwinner.

5. Debtor and Jennifer have two minor children together. Jennifer is the primary care provider for the children.

6. Jennifer is part owner of several business ventures which have shown operating gains and losses over the years.

7. To the extent permitted under the law, Debtor and Jennifer have included such income and losses in their joint tax returns.

8. In 2010, Debtor and Jennifer have claimed exemptions for each of their two children and for themselves on their federal tax return. Each exemption was worth $3,650. They also claimed a child tax credit of $2000 and a "making work pay" tax credit of $800.

9. Debtor and Jennifer claimed losses on Schedule E of their 2010 federal return of $2,463,347. They also claimed "other gains and losses" of $177,871.

10. Debtor and Jennifer claimed a federal tax refund of $22,626 and a state tax refund of $4,194.

As the parties indicate in their respective briefs, courts have primarily taken three different approaches in dividing a tax refund between the bankruptcy estate and a non-filing spouse. Those approaches were explained in detail by the Honorable Basil H. Lorch III in *In re Smith*, Case No. 09-72276 (Bankr.S.D.Ind.)(February 2, 2011):

> A majority approach holds that a joint refund should be allocated proportionally between the spouses according to their respective tax withholdings during the taxable year. As such, a non-debtor spouse who has had no tax withholdings is not entitled

to any portion of a joint tax refunds. *See, e.g., In re Kleinfeldt*, 287 B.R. 291 (10th Cir.BAP 2002); *In re Gleason*, 193 B.R. 387 (Bankr.D.N.H.1996). Those cases reason that it is incongruous to give a refund to one who pays no taxes. *Gleason* at 389. A second approach apportions the refund between spouses based upon their respective income or relative contributions. *See, In re Kestner*, 9 B.R. 334 (Bankr.E.D.Va.1981). This approach may give the non-filing spouse credit for non-financial contributions in the nature of tax credits. *See, Crowson v. Zubrod (In re Crowson)*, 431 B.R. 484 (10th Cir. BAP 2010). And the minority approach splits the joint tax refund equally notwithstanding either spouse's income. *See, e.g., In re Trickett*, 391 B.R. 657 (Bankr.D.Mass.2008); *In re Marciano*, 372 B.R. 211 (Bankr.S.D.N.Y.2007); *Loevy v. Aldrich (In re Aldrich)*, 250 B.R. 907 (Bankr.W.D.Tenn.2000).

*Smith* at 2.

Judge Lorch ultimately adopted the third approach outlined above, *i.e.*, the "50/50 refund rule," stating that it "expresses the better reasoned view . . . inasmuch as a non-filing spouse is jointly responsible and liable for a joint federal income tax deficiency, they should likewise share in the good fortune of a tax refund." *Id.* at 3 (citing *Aldrich* at 913). Judge Lorch further explained that the 50/50 refund rule, unlike the standard articulated in *Crowson,* "provides a bright-line rule which is easy to understand and apply." *Id*.

This Court agrees with the logic expressed in *Smith* and hereby also adopts the 50/50 refund rule. Per that rule, spouses shall presumably share equal ownership in a tax refund. That presumption may be rebutted only by evidence of a domestic relations order or an enforceable written prepetition contract between the spouses designating a contrary ownership of the refund. *See In re Innis*, 331 B.R. 784, 789 (Bankr.C.D.Ill.2005). Because Debtor did not file his case until July 19, 2010, the Trustee has conceded that she is entitled only to 200/365ths of Debtor's share of the Refunds.[1] Accordingly, Debtor is hereby ordered to turn over to the Trustee–within 14 days of this

---

[1] In its original Order dated January 10, 2012, the Court failed to account for the fact that the Trustee may only recover a pro rata share of the Refunds due to the date Debtor filed his bankruptcy petition. Upon

Order–$6,1198.90 with respect to the federal income tax refund and $1,149.04 with respect to the state income tax refund.

### ###

Distribution:

Thomas G. Burroughs
Paul D. Gresk
UST

---

Jennifer's motion, the Court hereby corrects its miscalculation per this Amended Order. The Court apologizes to the parties for any inconvenience caused by this error.